SOCONY BURNER CORPORATION *vs.* J. THOMAS ASHTON.

MAY 31, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit to recover the unpaid balance of the purchase price of an oil burner sold by plaintiff to defendant. After verdict for defendant the case is before this court on plaintiff's exceptions as follows: to the denial of its motion for a directed verdict, to the refusal to charge the jury as requested, to certain portions of the charge and to the denial of its motion for a new trial.

The sale was effected by a written contract in which the defendant agreed to purchase an oil burner for the sum of $784 by a down payment of $100 and the balance in twenty-four monthly payments of 28.50 each, beginning September 1, 1927, and the plaintiff agreed to install the burner in defendant's home and guaranteed that it would properly heat the same. The contract was drawn by plaintiff upon its own printed form. Plaintiff delivered and installed the burner in June, 1927, and it was put into operation the following October. Defendant made his initial payment of $100 and from September, 1927, to March, 1928, made seven monthly payments of $28.50, totalling $299.50.

Defendant testified that the burner from the beginning of its operation failed to heat any part of the third floor of his home, only partially heated the second floor and did not heat the parlor on the first floor; that from October, 1927, until April, 1928, plaintiff made unsuccessful attempts to remedy the difficulty and that in April defendant wrote to plaintiff to the effect that the burner had not properly heated the house, and he demanded its removal. In September, 1928, as plaintiff had not removed the burner, defendant disconnected it and it has since remained in his cellar.

The pertinent parts of the contract between the parties read as follows:

> "Seller (plaintiff) guarantees that if the Buyer (defendant) complies with all the recommendations of its engineers with respect to Buyer's heating plant, the burner will properly heat the said building. . . ."
>
> "If, within the guarantee period, the Buyer is dissatisfied with the performance of the burner he shall notify Seller in writing and, if after a fair trial by or in the presence of both parties the burner does not furnish heat as above agreed, Seller agrees, upon written demand from the Buyer, to remove said burner and equipment and return to the Buyer the amount paid on account of the purchase price thereof, and thereupon both parties shall be released from all liability under the within contract, except that Buyer shall remain liable for the unpaid balance, if any, of the purchase price of said tank and connections.
>
> "The foregoing guarantee shall continue in force and effect for a period of three months from the beginning of operation of the burner. Seller shall not be under any liability under this guarantee other than to return the purchase price as aforesaid."

Plaintiff contends that the entire guarantee is limited by and subject to the provision in the last paragraph wherein it is stated that the guarantee shall be in force for a period of three months from the beginning of the operation of the burner. Defendant urges that the guarantee as a whole is to be construed most strongly against plaintiff, who drew it, and that the first part thereof, containing the guarantee that under certain conditions the burner would properly heat defendant's building, was not intended to be subject to the last paragraph containing the three months limitation.

The conduct of the parties renders unnecessary a construction of the agreement or a determination of the question whether, by its terms, defendant was required to give notice in writing, within three months after the installation of the burner, if he was dissatisfied with its performance. The plaintiff, by sending its 'inspectors seventeen times to attempt to adjust the burner and heating system over a period extending three months beyond the original three months specified in the agreement, waived the provision requiring notice within three months after the beginning of the operation of the burner.

The sole question for determination is, therefore, whether the burner fulfilled the warranty by plaintiff that it would properly heat defendant's building. This was a question of fact for the jury and plaintiff's motion for a directed verdict was properly denied. The exception on this ground is overruled. The charge as rendered placed before the jury the question of fact necessary for the determination of the rights of the parties and for this reason the exceptions to the charge and to the refusal to charge as requested are without merit. The jury by its verdict found that the burner failed to properly heat defendant's house and this finding, which has the approval of the trial justice, is supported by the evidence. The exception to the denial of the plaintiff's motion for a new trial is overruled.

All plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Francis I. McCanna*, for plaintiff.
*Ralph M. Greenlaw, Edwin J. Tetlow*, for defendant.